IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } } } | 3:12-cv-3169 |
| FRIES RESTAURANT MANAGEMENT, LLC d/b/a BURGER KING | } } } | JURY TRIAL DEMAND |
| Defendant. | } } | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of religion and to make whole Ashanti McShan. The Defendant violated Title VII by failing to accommodate Ms. McShan's religious beliefs, which subsequently resulted in her termination.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, the Defendant has been and are now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ashanti McShan filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2010, the Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it failed or refused to reasonably accommodate the religious beliefs of Ashanti McShan. Ms. McShan's religion is a Pentecostal of Christian faith, and adheres to an interpretation of the scripture that requires women to wear only skirts or dresses. The Defendant hired Ms. McShan was as a Cashier. At the time of her interview for the job, Ms. McShan asked to wear a skirt instead of uniform pants as a religious accommodation. Defendant assured her that she could wear a skirt to work. However,

when she arrived at work for orientation, the store management informed Ms. McShan that she could not wear a skirt and that she had to leave the store.  Ms. McShan was required to leave despite her explanation that she was wearing the skirt with the understanding that she would be allowed a religious accommodation.

8. The result of the foregoing practices has been to deprive Ashanti McShan of equal employment opportunities because of her religious beliefs and observances as a Christian Pentecostal.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ashanti McShan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Ashanti McShan and eradicate the effects of its past and present unlawful employment practices, including reasonable accommodation on the basis of religion.

C. Order the Defendant to make whole Ashanti McShan by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and

other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

D.   Order the Defendant to make whole Ashanti McShan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, and emotional distress, inconvenience and loss of enjoyment of life in amounts to be determined at trial.

E.   Order the Defendant to pay Ashanti McShan punitive damages for its malicious conduct or reckless indifference to Ashanti McShan's federally protected rights as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470


/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749