IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
          FILED

       JAN 1 8 2013

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } <br> } <br> } |
| Plaintiff, | } <br> } <br> } |
| | } <br> } <br> } |
| FRIES RESTAURANT MANAGEMENT, LLC d/b/a BURGER KING. | } <br> } <br> } |
| Defendant. | } <br> } |

CIVIL ACTION NO.
3:12-CV-3169-M

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Fries Restaurant Management. This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 3:12-CV-3169-M. Plaintiff EEOC initiated its lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Ashanti McShan who claimed she was adversely affected by such practices. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendant failed or refused to accommodate Ms. McShan's religious beliefs which subsequently resulted in her termination. Defendant disputes these allegations and denies any and all liability.

Plaintiff and Defendant wish to compromise and settle the differences raised in this case without the necessity of further litigation pursuant to the terms delineated in this Decree. It is understood and agreed that this Consent Decree is in compromise of the disputed claims.

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met.

2.      The effective date of this Consent Decree will be the date when it is signed and filed by the Court.

3.      This Consent Decree resolves all issues raised in EEOC Charge No. 450-2010-04072 and Plaintiff EEOC's Complaint. Plaintiff EEOC waives further litigation of all issues raised in its Complaint.  Plaintiff EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.  The EEOC does not waive processing or litigating Charges other than the above-referenced charge.

4.      The duration of this Consent Decree shall be two (2) years from its effective date.  This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree.

5.      During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from: (i) discriminating against employees on the basis of religion; and (ii) engaging in or being a party to any action, policy or practice that is intended or known to them to have the effect of discriminating against any employee on the basis of religion. Defendant is further enjoined from: retaliation in any way against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

6.      Defendant agrees to pay Ashanti McShan the full and final sum of $25,000.00 (the "Settlement Amount") in compromise and satisfaction of all claims.  The parties agree that the Settlement Amount will be paid in two checks as follows:

    a.      the sum of $5,000.00, less standard withholdings, made payable to Ashanti McShan and attributable to claims for wages.  A W-2 will issue for this amount; and

    b.      the sum of $20,000.00 made payable to Ashanti McShan and attributable to claims of mental anguish and non-wage damages.  A 1099 will issue for this amount.

7.      Within 30 days of the entry of this Consent Decree, EEOC will provide Defendant with the following:  a fully completed and executed form W-9 and a fully completed and executed form W-4 for Ashanti McShan, as well as the current physical address for delivery of the settlement checks to Ashanti McShan.  Provided these conditions precedent are met, Defendant shall send the checks referenced in paragraph 6 above to Ashanti McShan at the address provided by the EEOC within 14 days after receipt of the fully completed and executed form W-9 and form W-4 and address information.

8.      Defendant shall post, on employee bulletin boards in all of its Texas Burger King restaurants, a notice regarding its policy against religious discrimination and duty to accommodate.  Such notice shall be as set forth in Exhibit "A", which is attached to this Consent Decree.  The notice shall be posted within twenty one (21) days of the effective date of this Consent Decree, and shall remain posted for the duration of this Consent Decree.

9.      For 2013 and 2014, Defendant agrees to conduct an annual training session for all district managers and general managers for Defendant's Texas Burger King Restaurants, advising them of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on religious discrimination.  The training will also inform these individuals of the

3

necessity of attempting to accommodate the religious beliefs of applicants and employees. The training will also advise these individuals of the consequences of violating the federal anti-discrimination laws. The training shall be at least one hour in duration. No less than thirty (30) days after each such training session is conducted, Defendant agrees to give written notice to the EEOC as to: (i) the date and location of the training; (ii) the name of the person providing the training; (iii) a list of the employees attending the training; and (iv) the substance of the training.

10.    Defendant will, within 30 days of the effective date of this Consent Decree, send a written report to the EEOC confirming that the Exhibit "A" was posted in compliance with this Consent Decree.

11.    If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a.    Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b.    Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

12.    All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Shepard, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

13.    The terms of this Consent Decree shall be binding upon the EEOC, upon Defendant, its agents, officers, employees, servants, successors, and assigns.

14.    Neither the EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude

the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises

and representations contained herein. The EEOC shall be authorized to seek compliance with the

Consent Decree through civil action in the United States District Court.  The EEOC also reserves

the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

15.     Each party shall bear its own costs, including attorneys' fees incurred in this action.


AGREED AS TO FORM AND SUBSTANCE:


FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:


/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No numbers assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749

FOR THE DEFENDANT FRIES RESTAURANT MANAGEMENT, LLC


/s/ Ryan Griffitts
Ryan Griffitts
State Bar No. 00796681

LITTLER MENDELSON P.C.
2001 Ross Ave., Ste. 1500 Lock Box 116
Dallas, Texas 75201
Telephone: 214.880.8118
Facsimile:  214.880.0181

SO ORDERED.

Signed this _____ day of _____ 1/18 20 13.

 

 

_____

UNITED STATES DISTRICT JUDGE